# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN D. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL CASE NO. 08-304-JPG-PMF |
| ) | |
| SUSAN SHOBE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is petitioner's motion for stay and abeyance and respondent's motion to dismiss (Doc. Nos. 29, 13).

**Background**

In the Circuit Court of St. Clair County, petitioner Kevin D. Johnson was charged with first degree murder of Henry Coleman Jr. In particular, he was accused of stabbing Mr. Coleman repeatedly, causing his death. On June 5, 2006, following a stipulated bench trial, petitioner was found not guilty by reason of insanity. In Illinois, this outcome is the equivalent of an acquittal: it absolved petitioner from guilt. Petitioner was remanded to Illinois Department of Human Services. He is currently housed at the Alton Mental Health Center awaiting further proceedings regarding his need for inpatient mental health services.

Petitioner attempted to appeal his acquittal, without success. On April 22, 2008, he filed this § 2254 habeas petition, alleging that the acquittal violates the Constitution because the state presented insufficient evidence to support the finding of first degree murder. Counsel was appointed pursuant to 18 U.S.C. § 3006A(a)(2)(B).

**Exhaustion of State Court Remedies**

The parties agree that petitioner has not exhausted his state court remedies. When this petition was filed, he had not yet asked for judicial review of a decision regarding his commitment for in-patient mental health services, had not taken an appeal to the Illinois Appellate Court, and had not sought further review with the Illinois Supreme Court. Because these state remedies remain available, the parties agree that a federal habeas remedy is premature. See 730 ILCS 5/5-2-4; 28 U.S.C. § 2254(b)(1).

**Dismissal or Stay**

While respondent seeks dismissal without prejudice, petitioner asks the Court to exercise its discretion to stay further proceedings while he pursues state court remedies. The initial question before the Court is whether this is a "mixed" petition – one that contains exhausted and unexhausted claims for habeas relief. If a mixed petition has unexhausted claims that may have merit and there are timeliness concerns, the Court should stay further proceedings rather than dismiss the mixed petition. *Rhines v. Weber*, 544 U.S. 269, 277(2005); *Arrieta v. Battaglia*, 461 F.3d 861, 866(7th Cir. 2006).

For purposes of this motion, the Court assumes that this is a mixed petition and that petitioner has unexhausted claims that may have merit. However, there are currently no concerns regarding the timeliness of a future § 2254 habeas petition. The one-year limitation period established by the Antiterrorism and Effective Death Penalty Act will not begin to run until petitioner has pursued and exhausted his remaining state court remedies. Generally, that occurs when an application for certiorari has been denied by the Illinois Supreme Court or the application deadline has expired. 28 U.S.C. § 2244(d)(1)(A). Petitioner has not yet initiated the state court remedies available to patients committed for in-patient mental health services. He may file a

petition seeking judicial review of his treatment plan. 730 ILCS 5/5-2-4(e). Because there are no concerns regarding the timing of a future § 2254 habeas petition, dismissal of the current petition without prejudice will not generate timeliness problems with the AEDPA. Petitioner will have one year after he exhausts his state court remedies to file a new habeas petition. In these circumstances, dismissal without prejudice is the correct approach.

**Conclusion**

IT IS RECOMMENDED that petitioner's motion for stay and abeyance (Doc. No. 29) be DENIED and that respondent's motion to dismiss (Doc. No. 13) be GRANTED. This action should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

**SUBMITTED:**  **May 19, 2009** .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**